UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00482-DJH-CHL

**WEI QIU,**  **Plaintiff,**

**v.**

**BOARD OF EDUCATION OF HARDIN COUNTY, KENTUCKY,**  **Defendant.**

**MEMORANDUM OPINION & ORDER**

    Before the Court are three motions filed by Plaintiff Wei Qiu ("Plaintiff"). (DNs 61, 62, and 71.) First, Plaintiff filed the Motion on Defendant's Indecent in the Discovery (DN 61), to which Defendant Board of Hardin County, Kentucky ("Hardin County") filed a response (DN 66) and Plaintiff filed a reply (DN 72). Next, Plaintiff filed the Motion on Defendant's Foolish, Absurd, Mania in Discovery (DN 62), to which Hardin County filed a response (DN 67). Plaintiff did not file a reply, and the time to do so has expired. The third is Plaintiff's Motion to Ask the Court to Order Defendant to Disclose Documents About Angela Galm ("Galm Motion") (DN 71), to which Hardin County filed a response (DN 74). Plaintiff did not file a reply, and the time to do so has expired. Therefore, the motions are ripe for review.

    **I.**    **BACKGROUND**

    Plaintiff brought this suit alleging employment discrimination based on race, color, and national origin against Hardin County. (*See* DN 1.) Plaintiff is Chinese and speaks accented English. (*Id.* at PageID # 5.) On December 6, 2019, Plaintiff was hired mid-year as a chemistry teacher at Central Hardin High School ("CHHS") in Hardin County, Kentucky. (*Id.*; DN 90-1 at 538-40.) Plaintiff was hired on a limited basis to fill in for another CHHS teacher, Angela Galm ("Galm"), who resigned unexpectedly; Plaintiff began teaching at CHHS on January 11, 2020.

(*Id.*)  Plaintiff's employment was set to expire on June 30, 2020 without terms for renewal.  (*Id.*)  After the expiration of Plaintiff's employment, her position became available and was posted as an opening for the following school year.  (*Id.*)  Plaintiff, at the encouragement of CHHS Principal Tim Isaacs ("Isaacs"), applied for the position but was ultimately rejected.  (*Id.*)  Instead, Isaacs selected Kayla Ditto, a Caucasian female and natural citizen of the United States, to fill the position.  (DN 90-1 at 543.)  Hardin County maintains that the decision to not rehire Plaintiff was based on performance.  (*Id.* at 541-43.)  Plaintiff alleges that, given her exemplary performance and accomplishments, Hardin County failed to rehire her on the basis of race, color, and national origin.  (DN 1 at 5-6.)

Pursuant to the Court's Scheduling Order, the Parties were directed to complete discovery on or before January 6, 2023.  (*See* DN 51.)  In September 2022, the Parties advised the undersigned of a discovery dispute regarding Hardin County's deposition of Plaintiff.  (*See* DN 58.)  The Parties attended a telephonic status conference with the undersigned regarding the same on September 19, 2022.  (*See* DN 60.)  During the conference, Plaintiff did not raise the discovery issues and disputes that are the subject of the instant motions and other motions not addressed herein, which were filed shortly after the conference on October 6, 2022 and through November 9, 2022.  (*Id.*; *see generally* DNs 61, 62, 64, 65, 71 and 73.)

## II.  LEGAL STANDARD

Trial courts have wide discretion in dealing with discovery matters.  *See S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)).  Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  Fed. R. Civ. P. 26(b)(1).  This language is broadly construed by the

federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery is not without limits, however. In assessing whether information is within the scope of discovery, the Court is directed to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosure or discovery when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Under Rule 37, an "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). When an objection to relevance is raised, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the action. *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008). If that party demonstrates relevancy, the burden shifts to the party resisting discovery to demonstrate why the information or documents are not discoverable under the Federal Rules. *Id.*

Rule 36 governs requests for admissions, including admissions "regarding the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(B). "The court has substantial discretion to determine the propriety of such requests and the sufficiency of the responses." *Baker v. Cnty. of Missaukee,* No. 1:09-CV-1059, 2013 WL 5786899, at *5 (W.D. Mich. Oct. 28, 2013) (quoting *National Independent Truckers Ins. Co. v. Gadway,* No. 8:10 CV 253, 2011 WL 5554802, at * 2 (D.Neb. Nov.15, 2011). If the court finds that an answer does not comply with Rule 36, the court

may order either that the matter is admitted or that an amended answer be served. *Id.*; *see also* Fed. R. Civ. P. 36(a)(6). Rule 37(a)(5) applies to an award of expenses. *Id.* Further, Rule 37(c) "allows for an award of costs and reasonable attorney's fees in cases in which a party does not comply with Rule 36." *Anderson v. Fuson*, No. 6:20-cv-00118-DCR-MAS, 2022 WL 20209918, at *5 (E.D. Ky. Sept. 1, 2022) (quoting *Kasuri v. Saint Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 855 (6th Cir. 1990). Under Rule 37(c), "a court must award 'attorney's fees if: (1) a responding party fails to admit a request; (2) the requesting party later proves the matter; and (3) none of the four, listed exceptions apply.'" *Id.* at *6 (quoting *Hillside Productions, Inc. v. Cnty. of Macomb*, No. 06-11566, 2009 WL 3059147, at *1 (E.D. Mich. Sept. 24, 2009)).

### III. DISCUSSION

As a preliminary matter, the Court notes that the instant motions pertain to discovery. Pursuant to the Court's July 18, 2022 Scheduling Order, the parties are prohibited from filing discovery motions without first arranging and attending a joint telephonic conference with the undersigned. (DN 51 at 305.) Plaintiff failed to arrange and attend a joint telephonic conference prior to filing the instant motions. Similarly, Rule 37 requires moving parties to certify that they have "in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Plaintiff did not include the required certification in the instant motions. Additionally, Plaintiff has styled motions using disparaging personal remarks and acrimonious language towards Hardin County and counsel for Hardin County, such as describing Hardin County as "foolish, absurd" and acting with "mania." (*See* DN 61.) Moving forward, Plaintiff must refrain from using indecorous and unnecessarily acrimonious language in her motions or any other written or verbal communication to the Court or to the parties.

### a. **Galm Motion (DN 71)**

Plaintiff requests that the Court compel Hardin County to produce personnel records for former CHHS chemistry teacher Angela Galm, specifically Galm's AP Chemistry exam reports, job evaluations, and employment contracts from the last three years of Galm's employment at CHHS as stated in Plaintiff's Request for Production No. 1 dated July 26, 2022 ("Galm Production"). (*See* DN 71 at 454-55.) Galm is the individual who held Plaintiff's teaching position immediately prior to Plaintiff and "performed exactly the same job" as Plaintiff. (*Id.*) In support of the motion, Plaintiff asserts that she is entitled to Galm's records in order to "compare [Hardin County's] treatment of "the white Galm" against herself as "the accented Chinese…[which] is a critical point of this case." (*Id.*) In response, Hardin County argues that personnel information of former employees is not relevant and therefore not discoverable. (DN 66 at 443.) Hardin County relies primarily on *Marsden*, in which the court held that the plaintiff's request to compel the disclosure of all disciplinary records pertaining to all individuals formerly employed in plaintiff's position was overly broad. *Marsden v. Nationwide Biweekly Admin. Inc.,* No. 3:14-CV-00399, 2016 WL 471364 (S.D. Ohio, Feb. 8, 2016). In *Marsden,* the plaintiff alleged that "there [were] numerous other comparable employees treated more favorably" than the plaintiff. *Id.* at *2. The court found that, because the allegation was factually unsupported, plaintiff failed to show why the request for production should not be considered a fishing expedition. *Id.*

Unlike *Marsden*, which involved an all-encompassing production of disciplinary documents related to an unknown number of unidentified employees, Plaintiff's request is limited to only three specific sets of annual records relating to a single identified and potentially comparable employee. The scope of Plaintiff's request is significantly narrower than the scope of the production contemplated in *Marsden*. Further, the defendants in *Marsden* produced personnel

records for at least seven identified employees prior to contesting production of additional documents. *Id.* As far as the Court is aware, Hardin County has not produced any personnel files to Plaintiff. The Court is unpersuaded by Hardin County's argument that Plaintiff's production is irrelevant because "how [Galm] performed her job has nothing to do with *how [P]laintiff performed her job*." (*Id.* at 444.) It was Hardin County that placed Plaintiff's performance at issue. While Galm's performance may not be relevant to Hardin County's assertions about Plaintiff's performance, it is relevant to Plaintiff's allegation that Hardin County treats employees such as Plaintiff unfavorably due to race or national origin. Relevant evidence is any evidence that: 1) has any tendency to make a fact more or less probable than it would be without the evidence; and 2) is of consequence in determining the action. Fed. R. Evid. 401. Plaintiff alleges that despite Galm's poor performance in the same position, Galm received favorable treatment. (DN 72 at 457-58.) Plaintiff has a right to discover whether at least one other teacher in a comparable position was held to the same standards of performance as Plaintiff or if the comparable employee was treated more favorably than Plaintiff despite differences in performance. Thus, Plaintiff's request for the Galm Production is sufficiently relevant to the claims in this matter, and her requested relief is **GRANTED**.

      **b. First Motion for Sanctions (DN 61)**

Plaintiff moves the Court to sanction Hardin County for failing to answer her interrogatories and respond to requests for production in a "dishonest" fashion, including the Galm Production at issue in the Galm Motion. (DN 61-1 at 356; DN 61-2 at 359; 61-3 at 361.) Plaintiff alleges that Hardin County failed to "answer directly relevant" interrogatories and "disclose directly relevant documents." (DN 61 at 355.) Although the motion does not cite law, Plaintiff alleges "abuse [of] the civil procedure" and "violation of Rule 26(a)" by Hardin County. (DN 61-

4 at 400; DN 72 at 458.) Plaintiff requests the Court to "order this case to end it because [the] discover[y] is meaningless…" but does not specify what she seeks to end, whether that be discovery, the litigation, or Hardin County's alleged misconduct in discovery. (DN 61 at 355.) Plaintiff's proposed sanctions include granting Plaintiff's claims in the complaint, damages for lost wages, benefits, and front pay, damages for emotional distress imposed by Hardin County's "purpose[ful] protract[ion]" of the case, and damages for "discriminat[ing] against [Plaintiff] for her race, color [and] national origin." (DN 61-4 at 400.) Plaintiff's proposals shall be construed a request for the sanction of dismissal with entry of findings and judgment against Hardin County and in Plaintiff's favor.

Plaintiff's motion for the sanction of dismissal is at best premature. Pursuant to Federal Rule of Civil Procedure 37, a party seeking discovery may move for an order compelling an answer if a party fails to answer an interrogatory or fails to produce documents. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). If a party fails to obey a discovery order, the court may issue a variety of sanctions enumerated in Rule 37(b)(2), including dismissal. Fed. R. Civ. P. Rule 37(b)(2)(A)(i)-(vii). However, sanctions may not be imposed "against a party who never defied a court order compelling discovery." *Peltz v. Moretti*, 292 F.App'x 47, 479 (6th Cir. 2008). Further, the Sixth Circuit appears to have uniformly required a court order before the issuance of sanctions under Rule 37(b). In *Burley v. Gagacki*, the Sixth Circuit explained that

> [b]y its terms, Rule 37(b) requires a party seeking a sanction of default against a party to secure a court order compelling disclosure or discovery. Here, because plaintiffs never moved to compel disclosure or discovery, the . . . defendants did not violate any court order that would justify any sanction under Rule 37, let alone the sanction of last resort.

*Burley v. Gagacki*, 729 F.3d 610, 618 (6th Cir. 2013) (citations omitted); see also *Peltz*, 292 Fed. App'x at 479; *DeJesus v. Adkins*, 46 Fed. App'x 244, 246-47 (6th Cir. 2002).

Here, Hardin County has yet to violate a court order because Plaintiff has not petitioned the Court for such an order. Additionally, a motion for sanctions for failing to answer or respond must include a certification that Plaintiff has in good faith conferred or attempted to confer with Hardin County in an effort to obtain the answer or response without court action. Fed. R. Civ. P. 37(d)(1)(B). Plaintiff did not provide a good faith certification and the record does not show that the Parties attempted to confer before petitioning the Court despite having the opportunity to do so during the September 19, 2022 telephonic conference. The motion is deficient on this basis alone.

Notwithstanding the deficiency regarding certification and the Court's finding that dismissal is not an appropriate sanction, the Court will still examine the merits of Plaintiff's grievance regarding the Galm Production considering Plaintiff did successfully move to compel the same as addressed herein. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). "Courts have concluded that document requests under Rule 34 are included within the scope of Rule 37(d)(1)(A)(ii)." *Boodram v. Coomes*, No. 1:12CV-00057-JHM, 2015 WL 13783127, at *4 (W.D. Ky. July 1, 2015). Rule 37 requires the Court to award Plaintiff reasonable expenses including attorney's fees where, as here, the Court has determined that the opposing party failed to act. *See* Fed. R. Civ. P. 37(d)(3). Plaintiff is *pro se*, and therefore an award of attorney's fees is not appropriate as none were incurred. Further, Plaintiff requested $100,000 for "emotional distress" imposed on her by Hardin County's failure and delay. This request is not an expense as set forth in Rule 37 and would not be one of a reasonable amount even if the Court were to construe it as such. Because Plaintiff did not claim any actual expense, the Court will not make any award to Plaintiff at this time. Plaintiff

may petition the Court for reasonable *expenses* only incurred with respect to the filing of the motion to compel (DN 71). Plaintiff is cautioned, however, that any request for fines, damages, or other monetary penalty not contemplated by the Federal Rules or for costs incurred for the filing of any other discovery motion addressed in this Order will be denied.

    **c. Second Motion for Sanctions (DN 62)**

Plaintiff's second motion for sanctions alleges that Hardin County improperly answered Plaintiff's requests for admissions. (*See* DN 62.) At issue is Hardin County's denial of the genuineness of documents bates-numbered Q10, Q11, Q12, Q13, Q17, and Q31. (DN 62-1 at 367; *see also* DN 62-2 at 369, DN 62-3 at 371-72, DN 62-4 at 374, DN 62-5 at 377.) In its response to the motion, Hardin County states the following:

> "1. Document Bates Numbered Q10 and Q11 is a copy of plaintiff's Summative Evaluation dated May 12, 2020.
>
> 2. Document Bates Numbered Q12 is a document signed by Tim Isaacs.
>
> 3. Document Bates Numbered Q13 is a document signed by Aaron Howell.
>
> 4. Document Bates Numbered Q17 is an e-mail from Hardin County Schools to Wei Qiu dated April 28, 2020.
>
> 5. Document Bates Numbered Q31 is a document signed by Tim Isaacs."

(DN 67 at 446.)

Hardin County also states that it "does not otherwise admit to the relevance, admissibility or to the [P]laintiff's intended interpretation or use of the above documents." (*Id.*) The admissions in the response are in stark contrast to Hardin County's initial answer to Plaintiff during discovery, which stated merely that "[Hardin County] denies the genuineness of Q2… 10, 11, 12, 13…17… 31." (DN 62-1 at 367.) Neither Plaintiff's motion nor Hardin County's response cites any law, and the latter does not include facts or provide analysis for the Court's consideration.

The Court finds that Hardin County's initial denial was deficient, that the denial has not been cured by the response to Plaintiff's motion, and that the denial is therefore subject to sanctions. Rule 36 governs requests for admissions, including admissions related to the genuineness of documents. *See* Fed. R. Civ. P. 36(a)(B). Rule 36 provides that if a matter is not admitted, the answer must specifically deny it and a denial "must fairly respond to the substance of the matter[.]" Fed. R. Civ. P. 36(a)(4). Hardin County denied the genuineness of the documents at issue without specificity, explanation, or objection, and therefore without fairness. (DN 62-1 at 367.) Hardin County provided no support, basis, or analysis in its answer to Plaintiff nor in its response to Plaintiff's motion. *See id.* Thus, the Court finds that Hardin County failed to comply with Rule 36. Due to Hardin County's failure, the Court is empowered to order that the matter is admitted, that an amended answer be served, or to award fees under Rule 37(a)(5) and Rule 37(c). *See* Fed. R. Civ. P. 36(a)(4); *see also* Fed. R. Civ. P. 37(a)(5), (c)(1)(A)-(C).

Plaintiff advocates for the same penalties as those set forth in her first motion for sanctions, so the Court will not address them again here. (*See* DN 61-4 at 400.) As discussed previously, the Court will not entertain the sanction of dismissal where a party has not first violated a court order. Instead, the Court will determine whether sanctions set forth in Rule 36 and Rule 37 are applicable. Here, Hardin County's admissions in its response to Plaintiff's motion appear to partly qualify certain aspects of each document at issue without qualifying or denying the rest. The Court concludes that Hardin County provided partial answers after the filing of Plaintiff's motion in its response to Plaintiff's motion. (*See* DN 67.) Thus, pursuant to Rule 37, Plaintiff would ordinarily be entitled to request reasonable expenses, including attorney's fees, for her motion if not for her failure to attempt to obtain the discovery in good faith without court action. *See* Fed. R. Civ. P. 37(a)(5)(A)(i). Due to Plaintiff's deficiency, the Court will not award fees or expenses.

Nevertheless, Hardin County's admissions in its response to Plaintiff's motion remain deficient under the requirements set forth in Rule 36. *See* Fed. R. Civ. P. 36(a)(4). Therefore, Hardin County will be required to serve supplemental amended answers to Plaintiff. *See* Fed. R. Civ. P. 36(a)(6).

### IV. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that

(1) Plaintiff's motion to compel (DN 71) is **GRANTED**. Hardin County shall provide the records relating to Angela Galm at issue to Plaintiff on or before **October 17, 2023**.

(2) Plaintiff's motion for sanctions (DN 61) is **GRANTED in part, DENIED in part**. Plaintiff may supplement the motion with itemized expenses incurred in the filing of the instant motion as discussed above on or before **October 17, 2023**.

(3) Plaintiff's motion for sanctions (DN 62) is **GRANTED in part, DENIED in part**. Hardin County shall serve amended and compliant responses to Plaintiff's request for admissions at issue on or before **October 17, 2023**.

Colin H Lindsay, Magistrate Judge
United States District Court

September 15, 2023

Re:   Counsel of Record
      Wei Qiu, *pro se* Plaintiff (via Certified Mail and email)

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.