UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00482-DJH-CHL

**WEI QIU,**                                                                            **Plaintiff,**

**v.**

**BOARD OF EDUCATION OF HARDIN COUNTY, KENTUCKY,**       **Defendant.**

**MEMORANDUM OPINION & ORDER**

Before the Court are three motions filed by Plaintiff Wei Qiu ("Plaintiff"). (DNs 64, 65 and 73.) The first is Plaintiff's Motion on the Review of Defendant's Misdeed Since the Start of the Case ("First Motion") (DN 64), to which Defendant Board of Education of Hardin County, Kentucky ("Hardin County") filed a response (DN 69). Next, Plaintiff filed a Motion on Defendant's Lie in the Discovery ("Second Motion") (DN 65), to which Hardin County filed a response (DN 70). For the reasons set forth below, the Court will construe Hardin County's response (DN 70) as a motion to strike ("Motion to Strike"). The third is Plaintiff's Motion to Ask the Court to Rule Defendant's Forging Documents to Fraud the Government for the Emergency Teaching Certificate for the Hired White Kayla Marie Ditto ("Third Motion") (DN 73), to which Hardin County filed a response (DN 76). Plaintiff did not file a reply to the First, Second, and Third Motions, and the time to do so has expired. Therefore, the motions are ripe for review.

Plaintiff brought this suit alleging employment discrimination based on race, color, and national origin against Hardin County. (*See* DN 1.) Plaintiff is Chinese and speaks accented English. (*Id.* at PageID # 5.) On December 6, 2019, Plaintiff was hired mid-year as a chemistry teacher at Central Hardin High School ("CHHS") in Hardin County, Kentucky. (*Id.*; DN 90-1 at 538-40.) Plaintiff was hired and began working at CHHS on January 11, 2020. (*Id.*) Plaintiff's employment was set to expire on June 30, 2020 without terms for renewal. (*Id.*) After the expiration of Plaintiff's employment, her position became available and was posted as an opening for the following school year. (*Id.*) Plaintiff applied for the position

but was ultimately rejected. (*Id.*) Instead, Kayla Ditto ("Ditto"), a Caucasian female and natural citizen of the United States, was hired to fill the position. (DN 90-1 at 543.)

Pursuant to the Court's Scheduling Order, the Parties were directed to complete discovery on or before January 6, 2023. (*See* DN 51.) In September 2022, the Parties advised the undersigned of a discovery dispute regarding Hardin County's deposition of Plaintiff. (*See* DN 58.) The Parties attended a telephonic status conference with the undersigned regarding the same on September 19, 2022. (*See* DN 60.) During the conference, Plaintiff did not raise the discovery issues and disputes that are the subject of the instant motions and other motions, which were filed shortly after the conference on October 6, 2022 and through November 9, 2022. (*Id.*; *see generally* DNs 61, 62, 64, 65, 71 and 73.)

I. **Plaintiff's First and Second Motions (DNs 64, 65)**

Plaintiff's First Motion alleges that Hardin County participated in several "misdeeds" throughout her employment and the instant litigation, including but not limited to misconduct in discovery. (DN 64 at PageID # 404.) Plaintiff petitions the Court "to end the case" to "cease [Hardin County's] misdeed[s]." (*Id.*) The motion does not cite any law and does not provide an analysis from which the Court can discern a basis for the requested relief. Plaintiff refers to alleged instances of misconduct that occurred prior to the filing of the instant action, such as during her employment and in the course of her EEOC action. (*Id.* at 401-03.) Plaintiff then alleges that Hardin County's misconduct continued in the instant action through discovery violations by counsel for Hardin County. (*Id.*) In recounting Hardin County's failures in the discovery process, Plaintiff cites to motions she has filed separately pertaining to those discovery failures. (*Id.*) In her conclusion, Plaintiff states that "this case is driven… by [Hardin County]'s knowing[] and willfully told lies when generally denying the allegations in the amended complaint" thereby referring to facts at issue and states that Hardin County "pollutes and contaminates the [C]ourt" thereby referring to discovery violations. (*Id.* at 404.) Both motions fail for three reasons. First, Plaintiff failed to first arrange and attend a telephonic status conference with the undersigned before filing a discovery motion. Second, although both motions include accusations that the Defendant lied, neither motion articulates what was allegedly false in Defendant's discovery responses, or even identifies the allegedly offending responses.

Third, Plaintiff comes nowhere near justifying the drastic, last-resort sanction of "ending" the case. Additionally, Plaintiff's Second Motion appears to be merely a summation of the First Motion. Plaintiff restates her claims of employment discrimination and discovery misconduct but fails to state which is the basis for the request relief. Therefore, Plaintiff's First Motion and Second Motion is denied without prejudice.

## II.     Hardin County's Motion to Strike (DN 70)

In response to Plaintiff's Second Motion, Hardin County requests that the Second Motion be stricken from the record. (*See* DN 70.) The Court will construe Hardin County's response as a motion to strike. In support of its motion, Hardin County states that Plaintiff's Second Motion is improper under the Federal Rules of Civil Procedure. (*Id.* at 452.) Hardin County does not cite a specific Federal Rule of Civil Procedure or any law nor does it provide a sufficient analysis for the Court's consideration. Instead, Hardin County merely asserts that the Second Motion is "unwarranted, unnecessary, and unsubstantiated" without further reasoning. (*Id.*)

The Court may strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Rudometkin v. Commanding Gen., U.S. Army Hum. Res. Command,* No. 3:22-CV-497-JHM, 2023 WL 4628460, at *3 (W.D. Ky. July 19, 2023) (quoting *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015)). Motions to strike are "a drastic remedy to be resorted to only when required for the purposes of justice" and "only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted). When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party." *Rudometkin*, 2023 WL 4628460 at *3 (quoting *Boultinghouse v. Herrington*, No. 4:14-CV-00100-JHM, 2016 WL 324527, at *1 (W.D. Ky. Jan. 26, 2016). Here, when viewed in the light most favorable to Plaintiff, Plaintiff's Second Motion need not be stricken from the record at this time. Plaintiff's Second Motion, while largely repetitive of the First Motion, states allegations of employment discrimination that not only relate to the controversy but form the basis of her claim against

Hardin County.  These claims are pending resolution before the Court.  As such, it is premature to examine whether they are unsubstantiated or unnecessary for the purpose of striking the motion and the Court finds that such a drastic remedy is not warranted.  Therefore, Hardin County's motion is denied.

### III.     Plaintiff's Third Motion (DN 73)

Plaintiff's Third Motion petitions the Court to "punish" Hardin County with a million-dollar fine and "to go to a jail for a year" for the alleged forgery of an Emergency Teaching Certificate issued to CHHS teacher Kayla Ditto.  (DN 73.)  Plaintiff also refers to Hardin County's response to Plaintiff's First Motion as being "without evidentiary support" and argues that Hardin County's "denial" in the response is therefore "futile."  (*Id.* at 464.)  The Court will not attempt to discern Plaintiff's secondary allegation regarding Hardin County's response due to the scarcity of facts and reasoning offered.  As to the accusations regarding forgery, Plaintiff mentions only that the forgery served to "cheat the Education Professional Standards Board" and does not state that the forgery was committed before the Court or in discovery or substantiate this extraordinary allegation.  As such, because Plaintiff's motion appears to implicate actions prior to this litigation that would go to the merits of Plaintiff's claims, the Court declines to examine the merits of Plaintiff's grievance as it does not in any way involve the discovery process.  Additionally, Plaintiff seeks criminal penalties for the alleged forgery that are not contemplated by the Federal Rules of Civil Procedure and are wholly inapplicable to a civil case.  Therefore, Plaintiff's Third Motion is denied.

## IV. ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED THAT

    (1) Plaintiff's First Motion (DN 64) and Plaintiff's Second Motion (DN 65) are **DENIED WITHOUT PREJUDICE.**

    (2) Hardin County's Motion to Strike (DN 70) is **DENIED.**

    (3) Plaintiff's Third Motion (DN 73) is **DENIED**.

*Colin H Lindsay, Magistrate Judge*
*United States District Court*

September 15, 2023

Re:    Counsel of Record
       Wei Qiu, *pro se* Plaintiff (via Certified Mail and email)

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.